UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEREMY C. McCONAHA,**

      **Plaintiff,**                               **Case No. 2:06-cv-419**
                                                            **JUDGE GREGORY L. FROST**
      **v.**                                             **Magistrate Judge Terence P. Kemp**

**THE CITY OF REYNOLDSBURG, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter comes on for consideration of Plaintiff's Motion for Award of Attorney Fees and Costs (Doc. # 54), Defendants' Memorandum in Opposition to Plaintiff's Motion for Award of Attorney Fees and Costs (Doc. # 54), and Plaintiff's Reply Memorandum in Support of Motion for Award of Attorney Fees and Costs (Doc. # 89).

### I.  Background

This action is based on events that occurred on the evening of March 24, 2006 and the early morning of March 25, 2006, when Plaintiff was arrested by Officer Brett Blake of the Reynoldsburg Police Department.

On June 1, 2006 Plaintiff brought this action under 42 U.S.C. § 1983, alleging that Officer Blake arrested him without probable cause, used unnecessary and excessive force to effectuate the arrest, and unlawfully searched him, all in violation of the Fourth Amendment to the United States Constitution.  Plaintiff further alleged municipal liability against the city of Reynoldsburg, claiming that Officer Blake's actions were caused and permitted by certain customs and policies of the city including the failure to adequately train, supervise, investigate, and discipline police officers, and the ratification of violations of constitutional rights of citizens.

On October 19, 2007 the parties engaged in a mediation conference at which they agreed to settle this action.  (Docs. # 49, 50.)  The only issue remaining was the amount of attorneys' fees to be awarded to Plaintiff's attorneys.  On December 5, 2007 the parties filed a stipulation of dismissal (Doc. # 52)  and their settlement agreement (Doc. # 53).  The parties indicated that they were attempting to resolve the attorney fees issue extrajudicially.  The Court, however, retained jurisdiction over that issue in the event the parties were unable to resolve it.  The parties contractually agreed that Plaintiff would be treated by the Court as the "prevailing party" if it were to consider the issue of attorney fees and costs.

On May 7, 2008 Plaintiff filed his motion for attorney fees and costs pursuant to 42 U.S.C. §1988.  Specifically, Plaintiff's counsel request:

    (1) Attorney fees to James D. McNamara (314.1 hours @ $400.00 per hour) $125,640.00

        5% reduction of lodestar $6,282.00

        Fee requested: $119,358.00

    (2) Attorney fees to Jeffrey D. Boyd (178.10 hours @ $300.00 per hour) $53,430.00

        5% reduction of lodestar $2,671.50

        Fee requested: $50,758.50

    (3) Depositions, copies, exhibits and other expenses reasonably incurred herein.

        (Jeffrey D. Boyd) $1,833.91

        (James D. McNamara) $2,147.57

        Costs requested: $ 3,981.48

On June 30, 2008 the parties' attorneys appeared at an oral hearing before this Court on

the attorney fees issue.

The Court notes that all three attorneys involved in this action, James D. McNamara, Jeff D. Boyd, and Robert M. Stoffers, are highly regarded by this Court and by the legal community in which they practice. Their conduct throughout this litigation has been eminently professional and most appreciated by this Court.

## II. Analysis

### A. Standard

The Civil Rights Attorney's Fees Awards Act of 1976, codified as 42 U.S.C. §1988, provides that the prevailing party in actions brought under 42 U.S.C. §1983 is entitled to an award of attorney's fees. The grant or denial of a request for attorney fees is left to the sound discretion of the district court. *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 551 (6th Cir. 2008) (citing *Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir. 2001)). The United States Court of Appeals for the Sixth Circuit instructs:

> The trial court's exercise of discretion is entitled to substantial deference because the rationale for the award is predominately fact-driven. *Wilson-Simmons v. Lake County Sheriff's Dep't*, 207 F.3d 818, 823 (6th Cir. 2000). This deference "is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "A district court abuses its discretion when it relies upon clearly erroneous factual findings, applies the law improperly, or uses an erroneous legal standard." *Wikol v. Birmingham Pub. Schs. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004).

*Id.*

### B. Discussion

The issue before the Court is whether the amount Plaintiff's attorneys have requested in attorney fees and costs is reasonable. "The starting point for determining the amount of a

reasonable attorney fee is the 'lodestar' amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle*, 515 F.3d at 551-52 (citing *Hensley*, 461 U.S. at 433). Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled. *Id.* at 552 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)).

**1. Number of hours worked**

Plaintiff's attorneys billed time for litigating all of the claims alleged by Plaintiff in this action. In the settlement agreement the parties agreed that Plaintiff was the prevailing party on all claims. Thus, the Court will not now opine on which of these claims had merit (if any) and which did not (if any). Plaintiff's counsel has appropriately and sufficiently documented the type of work done and the amount of work done. *See* Affidavits attached to Plaintiff's Motion for Award of Attorney Fees and Costs. Moreover, Plaintiff's attorneys have reduced their fee request by five percent of the lodestar amount, or a total of about $9,000.00, for the stated purpose of preventing any minor disagreements as to their time spent on any particular issue. This Court will not second-guess the litigation strategy of these attorneys. This is the kind of micro-analysis about which the Sixth Circuit has warned against engaging:

> The question is not . . . whether in hindsight the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

*Woolridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)

The Court finds that a reasonable attorney would believe the work performed by Plaintiff's counsel was reasonably expended in pursuit of success at the point in time when the

work was performed.

### 2. Hourly rates

The standard to be used in deciding whether a requested hourly rate is or is not reasonable is called the "prevailing market rate." In *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984), the United States Supreme Court explained the prevailing market rate as follows:

> To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to -- for convenience -- as the prevailing market rate.

Plaintiff's attorneys present their own affidavits as well as three affidavits from attorneys John S. Marshall, Michael J. Rourke and Fred Gittes. Each of these respected litigators specifically attested that they are familiar with the customary rates for similar services by comparably skilled and experienced counsel; and that the rates requested by Plaintiff's counsel is consistent with the prevailing market rate. The Court finds that Plaintiff's counsel have met their burden of establishing that their hourly rates are within the prevailing market rate and, therefore, reasonable.

### 3. Policy considerations

The Court is confident that Plaintiff's attorneys have met their burden of showing the reasonableness of the hours they worked and the amount per hour they charge giving, which in turn provides a presumption of reasonableness to the amount of fees they are seeking.

The Court, however, would also like to touch on a policy consideration introduced by Mr. McNamara's at the hearing on his motion for attorney fees. The Court finds his opinion

persuasive and worthy of repeating here.  Mr. McNamara suggested that the question of whether the Court should lower the amount of fees he has requested is not just a question of what is appropriate for him or his staff or his co-counsel.  Instead, it has much broader significance.  Indeed, it is important to civil rights lawyers, and potential civil rights lawyers, in general.  Trying a civil rights case alleging a desire for damages against law enforcement officers or their departments in a federal court which requires a unanimous jury verdict is a difficult task.  There are many attorneys who have expressed a desire to practice in this area but do not because of the very real risk of not collecting any fee after hundreds of hours of hard work.  For those who choose to take the risk, a fair award of attorneys' fees is appropriate and this Court will not engage in second-guessing the reasonable rates and reasonable hours expended.

### III.  Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Award of Attorney Fees and Costs.  (Doc. # 54.)  The Court awards Attorney James D. McNamara attorney fees in the amount of $119,358.00 and costs in the amount of  $2,147.57, and awards Attorney Jeffrey D. Boyd attorney fees in the amount of $50,758.50 and costs in the amount of  $1,833.91.  The Court further awards statutory interest from the date of filing this order.  The Clerk is **DIRECTED** to **ENTER JUDGMENT** accordingly.

    **IT IS SO ORDERED**.

                                                    /s/ Gregory L. Frost
                                                  **GREGORY L. FROST**
                                                  **UNITED STATES DISTRICT JUDGE**